Velma ROBERSON, Appellant,

v.

Albert PICKETT, Appellee.

No. A14–94–00127–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 25, 1995.

Richard A. Fulton, Houston, for appellant.

Carro Hinderstein, Houston, for appellee.

Before ANDERSON, HUDSON and DRAUGHN,* JJ.

## OPINION

DRAUGHN, Justice (Assigned).

This is an appeal by writ of error. Velma Roberson, grandmother of H.T.R., seeks review of an order signed on June 25, 1993, determining paternity and awarding conservatorship of H.T.R. to appellee, Albert Pickett, the alleged biological father of H.T.R. Appellant brings four points of error contending there was error on the face of the record because she was not served with process and was an essential party to the suit, the trial court did not have jurisdiction to award conservatorship because of a pending guardianship proceeding in the probate court, the motion seeking a determination of paternity was fatally defective because it did not contain a voluntary statement of paternity when filed, and she did not receive notice of the judgment when she had intervened in the suit. We reverse the judgment of the trial court and remand for proceedings consistent with this opinion.

Appellant's daughter, Vanessa Roberson, had a child H.T.R., on September 25, 1988. Appellee, Albert Pickett, claims to be H.T.R.'s father.[1] Vanessa Roberson raised

---

* The Honorable Joe L. Draughn sitting by assignment.

1. There is evidence that both parties agree that appellee is H.T.R.'s father. Appellant's petition in the probate court proceedings listed appellee as H.T.R.'s father. However, there is no presumption in favor of appellant because he was not married to Vanessa Roberson at the time of

the child until she was murdered on July 22, 1991. Following the murder, appellant, the child's grandmother, filed a personal injury suit against those responsible for Vanessa's death. She sued individually and on her granddaughter's behalf. Appellee attempted to intervene in the suit, but lacked standing to do so because he never married Vanessa and could not establish a common-law marriage more than one year after her death. TEX.FAM.CODE ANN. § 1.91(b) (Vernon 1993). The lawsuit was settled, and H.T.R.'s recovery was deposited with registry of the court.

On September 17, 1992, appellant filed an application to be appointed guardian of H.T.R.'s person and estate in Probate Court Number 2. In her application, she contended that H.T.R. did not have a guardian of her person or estate, that H.T.R. lived with her, and that it was in H.T.R.'s best interest that she serve as her guardian. On November 16, 1992, appellee filed a contest to appellant's appointment as guardian. Appellee asserted that he was H.T.R.'s biological father, that H.T.R. lived with him and had always lived with him, that he never relinquished parental rights and did not wish to do so, and that it was in H.T.R.'s best interest that the court refuse to name appellant guardian. Approximately six months passed without either appellant or appellee taking any further action in the guardianship proceedings.

On May 11, 1993, appellee filed a separate suit in the family court to establish the parent-child relationship between H.T.R. and himself, have himself named managing conservator, and change the child's last name to his. Appellant was not served with notice of this suit. Approximately one month later on June 16, appellee also filed a statement of paternity. Upon learning of this family court suit, appellant attempted to intervene on June 24, but the trial court did not receive this intervention petition. After a hearing the next day, June 25, the trial court signed an order determining paternity and awarding managing conservatorship of the child to ap-

pellee. On December 23, 1993, appellant filed her writ of error challenging the order.

■ To obtain review by writ of error, appellant must show that the petition was brought within six months of the date of the judgment, that she was a party to the suit, that she did not participate in the trial, and that there is error on the face of the record. *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex. 1985); TEX.R.APP.P. 45. It is undisputed that appellant brought her writ of error within six months and did not participate in the trial. Thus, we are limited to determining whether appellant was a party to the suit and, if there is error apparent on the face of the record.

In appellant's first point of error, she contends that there is error on the face of the record because she was not served with citation of the family court suit. Appellee admits that appellant was not served with notice, but responds that the statute did not require him to serve appellant. We look at all the prior proceedings to determine if appellant was entitled to notice.

■ Appellant originally filed a guardianship proceeding in the probate court. Vanessa Roberson, H.T.R.'s mother, was not married at the time of H.T.R.'s birth, never married or attempted to marry anyone during H.T.R.'s lifetime, and did not have a father listed on H.T.R.'s birth certificate. Therefore, H.T.R. was an orphan because she did not have a legally recognized father when her mother died. TEX.FAM.CODE ANN. § 12.02 (Vernon Supp.1995); *see In the Interest of V.M.B.*, 559 S.W.2d 901, 905 (Tex. Civ.App.—Amarillo 1977, writ ref'd n.r.e.) (holding that in the absence of legitimation, the biological father cannot assert parental rights). In the probate court, appellant sought to be named H.T.R.'s guardian as the orphan's nearest ascendant. TEX.PROB.CODE ANN. § 109(b)(1), *repealed by* Acts 1993, 73rd Leg., ch. 957 (current version at TEX.PROB. CODE ANN. § 676(c)(1) (Vernon Supp.1995)).[2]

---

the child's birth, never attempted to marry Vanessa Roberson, and was not listed on H.T.R.'s birth certificate. TEX.FAM.CODE ANN. § 12.02 (Vernon Supp.1995).

2. Both parties cite TEX.PROB.CODE ANN. § 676(c)(1), the current version of the probate code section concerning guardianship of orphans. However, this section of the probate code did not go into effect until September 1, 1993, after the judgment in the underlying suit. TEX.PROB.CODE ANN.

Appellant, however, was required to give notice of the probate court proceeding to appellee because the purported biological father of an illegitimate child has a cognizable and substantial interest in the custody of his illegitimate child, and has the right to notice and an opportunity to be heard with respect to custody of the child. *Stanley v. Illinois,* 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); *Rogers v. Lowry,* 546 S.W.2d 881 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ). Appellee exercised these rights by filing a contest to any award of guardianship to appellant.

■ After appellee filed this contest, he did not seek to be named guardian in the probate court, but instead filed a suit seeking a determination of paternity and conservatorship in the family court. Appellee did not serve notice of this new suit on appellant, the probate court, or the guardian ad litem. The family code provides a list of parties who must be served in a suit affecting a parent-child relationship. The mandatory parties who must be served with process are:

(1) the managing conservator, if any;

(2) possessory conservators, if any;

(3) persons, if any, having access to the child under an order of the court;

(4) persons, if any, required by law or by order of a court to provide for the support of a child;

(5) the guardian of the person of the child, if any;

(6) the guardian of the estate of the child, if any;

(7) each parent as to whom the parent-child relationship has not been terminated or process has not been waived under Section 15.03(c)(2) of this code;

(8) the alleged father or probable father, unless there is attached to the petition an affidavit of waiver of interest in a child executed by the alleged father or probable father as provided in Section 15.041 of this code, or unless the petition

states that the identity of the father is unknown; and

(9) the attorney general, if the petition seeks to establish, modify, or enforce any support right assigned to the attorney general under Chapter 76, Human Resources Code.

TEX.FAM.CODE ANN. § 11.09(a) (Vernon Supp. 1992).

The court may also give notice to "any other person who has or who may assert an interest in the child and may be given to the unknown father of a child who has no presumed father." TEX.FAM.CODE ANN. § 11.09(b) (Vernon Supp.1992).[3] The maternal grandmother is not listed as one of the parties entitled to mandatory service under Section 11.09(a). Appellant could be served under Section 11.09(b) as a party "who may assert an interest in the child." However, any service under Subsection (b) is optional. Therefore, at first blush, it appears that appellee did not have to serve notice on appellant.

However, in the unique situation presented in this case of first impression where the grandmother has previously filed in the probate court for guardianship of a child who has no living, legally recognized parents, we find such person must be served with process under Section 11.09(a). The statute requires service on the guardian of the person and the estate of the child. TEX.FAM.CODE ANN. § 11.09(a)(5), (a)(6) (Vernon Supp.1992). A guardian is the court-appointed representative of the child. To be appointed guardian, a party must file suit in a court of competent jurisdiction and have the court exercise its authority to appoint a guardian. Once the suit for guardianship is filed in a court with competent jurisdiction, the person who has filed suit to be named guardian has asserted an interest in the child. Therefore, the person who has filed suit has an interest in the child greater than all those who simply have or may assert an interest in the child. Under the statutory scheme, service upon a party who simply has or may assert an inter-

---

§ 109(b)(1), now repealed, was the provision in effect at the time of the suit. It contains the same scheme for determining guardianship of an orphan as section 676(c)(1).

**3.** The 1993 amendments made service on the unknown father mandatory by replacing "may" with "shall" in subsec. (b). Acts 1993, 73rd Leg., ch. 167, § 1, eff. Aug. 30, 1993.

est in the child is optional. Section 11.09(b). However, those who have asserted an interest in the child and have established a legally recognized relationship with the child are entitled to mandatory service. Section 11.09(a). In this case, appellant asserted her interest in the child by filing suit, but the court never established whether appellant would have a legally recognized relationship with the child.

The issue presented to this court is whether the statute intends for a person who has asserted an interest in a child by filing suit but has yet to have that right recognized is entitled to mandatory service. By filing suit to establish the relationship, the person moves from the group of those who have or may assert an interest who are not entitled to mandatory service to the group of those who are entitled to mandatory service. We hold that a person who has filed suit seeking guardianship fits within the meaning of guardian of the person or estate under sections 11.09(a)(5) and (a)(6). Even though there is not yet a legally recognized relationship, a person who files suit to be guardian steps into the shoes of the guardian under sections 11.09(a)(5) and (a)(6), at least for the purpose of being entitled to service.[4] Appellant had a legitimate right to be named guardian of the child because H.T.R. was an orphan until appellee could prove he was H.T.R.'s father. TEX.PROB.CODE ANN. § 109(b)(1). Because appellant was actively pursuing her interest in the child, she was entitled to service of process.

Appellee argues that requiring service on a party who has filed guardianship proceedings in the probate court will circumvent the statutory scheme set out by the legislature by allowing those who may assert an interest in the child to get mandatory service by simply filing a suit claiming guardianship. The situation presented in this case is a unique one, and any concerns about an abuse of this process are trumped by an interest in judicial comity. When different parties claim guardianship rights in different courts, the dispute should be consolidated for an efficient resolu-

tion. The legislature must have intended for someone who had initiated guardianship proceedings and had the right to be named guardian in those proceedings to be notified of a contemporaneous court proceeding resolving the same issue. The legislature could not have intended for one party to run to a different court while one court was in the process of resolving the same issues. The record shows appellee knew the probate court was determining the guardianship of H.T.R. because he had filed a contest in that court. Appellee's action in representing to the family court that there were no other parties and courts that needed to be notified was disingenuous. Because both suits involved a determination of the guardianship of H.T.R., appellant had the right to notice of the suit resolving that same issue.

The best interests of the child are always the primary considerations of the court in determining questions of managing conservatorship. *MacDonald v. MacDonald,* 821 S.W.2d 458 (Tex.App.—Houston [14th Dist.] 1992, no writ). TEX.FAM.CODE ANN. § 14.081(d) (Vernon Supp.1995). The best interests of the child are not served when a court is not aware of a contemporaneous suit resolving the same issues. The best interests of the child are not served when parties in one suit do not know of a second suit involving the same issues, and cannot intervene in the second suit to inform the court of their claims in the first suit. Secretly filing suit involving some of the same issues affecting a child serves neither the law nor the litigants. A full and fair hearing of all those who claim an interest in the child is the proper way to protect the best interests of the child. The rules of professionalism mandate that attorneys seek full and open litigation of the issues without deception.

In this case, there is error on the face of the record because appellee failed to comply with the requirement in the family code mandating service on the guardian of the person and the estate by failing to serve citation on

---

4. We also note that there was error in failing to serve the guardian ad litem and the probate court who also fall within the meaning of "guardian" under TEX.FAM.CODE ANN.

§ 11.09(a)(5), (6) (Vernon Supp.1992). However, appellant did not raise this argument in her points of error.

a party who filed a suit seeking guardianship in the probate court. We sustain appellant's first point of error. Because we reverse this matter based on appellant's first point of error, we do not address the merits of appellant's three other points of error.

We reverse and remand this matter for proceedings consistent with this opinion.